IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PASS & SEYMOUR, INC.,

               Plaintiff,

       v.                             Civil Action No.
                                       5:07-CV-00945 (NAM/DEP)

HUBBELL INCORPORATED,

               Defendant.

_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF:

BOND, SCHOENECK LAW FIRM      EDWARD R. CONAN, ESQ.
One Lincoln Center                     DAVID L. NOCILLY, ESQ.
Syracuse, NY 13202

GOODWIN, PROCTER LAW FIRM     ANDREW N. STEIN, ESQ.
620 Eighth Avenue
The New York Times Building
New York, NY 10018-1405

FOR DEFENDANT:

COSTELLO, COONEY LAW FIRM      EDWARD G. MELVIN, ESQ.
205 South Salina Street
4th Floor
Syracuse, NY 13202

ROYLANCE, ABRAMS LAW FIRM          ALFRED N. GOODMAN, ESQ.
1300 19th Street NW                KEVIN M. BARNER, ESQ.
Suite 600
Washington, DC 20036

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

_____

_____ ORDER

     Currently pending before the court in connection with this patent

infringement suit is an application by defendant Hubbell Corporation

("Hubbell") for an order compelling discovery pursuant to Rule 37 of the

Federal Rules of Civil Procedure.  In its motion, Hubbell requests an order

requiring plaintiff Pass & Seymour, Inc. ("P&S") to catalog some 400,000

documents, produced in response to seventy-two separate document

discovery requests in a format which, P&S asserts, mirrors the manner in

which there ordinarily kept, thus satisfying the requirements of the

controlling rules.  Hubbell also seeks supplementation of plaintiff's

responses to three interrogatories served by the defendant, asserting

insufficiency of the answers initially received from P&S.

     Oral argument was conducted in connection with Hubbell's motion

on August 20, 2008.  During that hearing I rendered a bench decision

orally granting the motion, in part, as it relates to one of the three disputed

2

interrogatory responses, but otherwise denying the portion of the motion addressing the sufficiency of P&S responses to Hubbell's interrogatories, reserving decision with respect to the document production issue raised. Based upon the foregoing and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)     Defendant's motion to compel discovery (Dkt. No. 27) is GRANTED, in part.  On or before September 19, 2008, P&S shall identify each of its products which, it maintains, is covered by any of the patents in suit in this case, either as currently constituted or based upon the parties' contemplated agreement to reduce the number of patents and/or patent claims in issue.

2)     Except as to the foregoing, the portion of defendants' motion to compel discovery (Dkt. No. 27) addressing the sufficiency of plaintiff's responses to interrogatories, including questions number 3 and 12, is DENIED.

3)     Decision is hereby RESERVED with regard to the portion defendants' motion addressing plaintiff's document production.

4)      No costs or attorney's fees are awarded to any party in

connection with the pending motions.

_____

David E. Peebles
U.S. Magistrate Judge


Dated:      August 28, 2008
            Syracuse, NY